|123  411|
|s136 698|

1. DEFECTIVE BRIDGE—LIABILITY OF TOWNSHIP—FAILURE TO IN-SPECT.

Failure of a township to keep a bridge in a reasonably safe con-dition for travel is not a ground of liability, unless knowledge or notice of the existence of the defect, and an opportunity to remedy it, be shown; and such notice cannot be inferred from a mere failure seasonably to inspect. *Thomas* v. *City of Flint, ante,* 10, followed.

2. SAME—PLEADING.

An allegation in a declaration that the construction of a bridge was defective in not sinking the mudsills below the bottom of the ditch, and bracing or piling them, to prevent them from slipping into the ditch, will not warrant a recovery upon that theory, where, by other averments, the accident is clearly ascribed to the deepening of the drain under the bridge after it was built, whereby one of the mudsills was undermined.

Error to Berrien; Coolidge, J. Submitted November 17, 1899. Decided March 27, 1900.

Case by Arthur L. Pearl against the township of Benton for personal injuries. From a judgment for plain-tiff, defendant brings error. Reversed.

*Valentine & Ellsworth* and *M. L. Howell,* for ap-pellant.

*Gore & Harvey,* for appellee.

HOOKER, J. The plaintiff recovered a judgment against the township for an injury received from the fall of a bridge, and the defendant has appealed.

The appellees brief states that the negligence of the township consisted in its failure to sink the mudsills of the bridge sufficiently, and that in consequence the water

washed the dirt from underneath them, and undermined the bents supporting the end of the bridge; also in neglecting to drive piles or posts to prevent the mudsills from slipping; also in neglecting to brace the structure. It was further claimed that the defendant was negligent in failing to examine the bridge for three years before the accident, and that it was chargeable with notice of its defective condition.

The declaration is in two counts. The first alleges:

"That for more than six years previous to December 21, 1895 [the date of the accident], the defendant had constructed and attempted to maintain a certain bridge over and across a large public drain intersecting said highway, which drain was constructed and maintained by the defendant as a township drain, and that it was defendant's duty to construct and maintain said bridge in a sound, safe, and proper condition, so that the same would at all times be staunch and strong and reasonably safe for public travel, but, neglecting its duty, it had for a long time previous thereto wholly neglected to care for, maintain, and repair said bridge, and the same had by reason of such neglect become wholly unfit and unsafe for public travel, and the supports, which had become weakened by rotting, were unfit and unsafe to remain thereunder as supports therefor, and the soil supporting the mudsills had, by the swift current of said drain, been washed from under the mudsills by the defendant's negligence, in this: The said defendant, by its drain commissioners, having deepened the said drain until the mudsills of said bridge were left resting upon a narrow ridge of earth, from one foot to eighteen inches above the bottom of said drain, and defendant negligently and carelessly left said bridge in said defective and dangerous condition without placing any lateral support under it, or without bracing said bridge, and without sinking said mudsills below the bed of said drain, and without placing any precaution against the action of the running water in said drain upon the dirt under said mudsills, either by lowering said mudsills, or by driving piling or posts against said mudsills to hold them in their places, and prevent the structure resting thereon from falling into the drain; and defendant was negligent also in this: That notwithstanding that said bridge was built upon mudsills, and without braces or

proper supports, the highway commissioners of said township, nor any of them, had made any examination of said bridge for more than three years before said date."

The count then alleges that there was a large hole in the planking of the bridge, and the failure of the defendant to repair the bridge or render it safe, and that plaintiff drove upon the bridge, which went down, causing his injury.

The second count contained the following allegation of negligence:

"That, crossing said highway at a point twenty-five rods south of the point of intersection of said highway with the south line of said section 21, is a large township drain, known and called the 'Stewart Drain,' which said drain, and its numerous tributaries, carry off the surface and other waters from more than one thousand acres of land in said township, and that said drain has a continuous flow of water the year around, and has at all times a swift current, and that said drain was originally constructed by said defendant, and has since always been and is under the control and care of said defendant; and more than six years before December 21, 1895, the defendant constructed a certain bridge on said highway over and across said large drain, and plaintiff avers that the original construction of said bridge was defective, and that the same was negligently and carelessly built, in this: That the defendant rested said large structure of more than twelve feet span on mudsills, so called, and failed to sink said sills below the bottom of said drain, and neglected to properly brace and strengthen said bridge, and drove no piling or posts to prevent the said mudsills from slipping from their places into said drain; and said defendant afterwards, to wit, on or about the month of January, 1895, wrongfully and negligently deepened said drain across said highway and under said bridge, until said bottoms of said mudsills were from twelve to eighteen inches above the bottom of said drain, thereby exposing the dirt under said mudsills to the action and encroachments of the running water in said drain; and defendant negligently left said mudsills in that dangerous condition without driving piles or posts to hold them in place, and without bracing and constructing a firm foundation for said sills, and without in any way protecting, or attempting to protect, said bridge from falling into said drain.

"And plaintiff avers that for more than three years prior to said 21st day of December, 1895, no highway commissioner or officer of said township, or any other person on behalf of said township, made any examination whatever of said bridge and the supports thereof, wherein the plaintiff alleges the defendant was grossly negligent, and, by reason solely of the negligence of the defendant in the premises, the plaintiff received the injuries hereinafter complained of. Yet, notwithstanding it was the duty of said defendant to the plaintiff to build, repair, and maintain said bridge in a safe condition for travel and use by the plaintiff and the public, the defendant wholly neglected its duty in the premises as aforesaid, and, by reason solely of such neglect, said bridge became dilapidated, and without supports thereunder, the mudsills having been washed away by the water in the drain, and the whole structure was in an unsafe and dangerous condition, and without knowledge on the part of plaintiff of the defective and dangerous condition of said bridge, said defendant having wrongfully and utterly neglected to place any signs or signals at or near said bridge to warn and notify the traveling public and the plaintiff that said bridge was unsafe and dangerous."

From these counts we may deduce three grounds upon which the plaintiff seeks to recover:

1. A neglect to keep the bridge in proper repair.
2. A failure to seasonably inspect.
3. A failure to anticipate the undermining of the mudsill when the bridge was built.

A failure to keep a bridge in a reasonably safe condition for travel is not a ground of recovery, unless knowledge or notice of the existence of the defect, and an opportunity to remedy it, is shown; and such notice is not inferable from a mere failure to seasonably inspect. *Thomas* v. *City of Flint, ante,* 10 (81 N. W. 937).

We must assume from the declaration that the bridge was weakened by an undermining of a mudsill, made possible by the deepening of the drain after the bridge was rebuilt, in 1892. Counsel insist that the declaration shows that defective construction is complained of. It is true that the declaration says that the construction was

defective in not sinking the mudsill below the bottom of the ditch, and bracing or piling it to prevent slipping into the ditch. It is difficult to appreciate the danger of a mudsill slipping into a ditch, to the injury of a bridge, when the sill is as low as the bottom of the ditch; but, whatever may be thought about that, each count of the declaration shows that no such claim was relied on, but that the accident was ascribed to a subsequent deepening of the ditch, whereby the undermining by the action of the water occurred. The declaration did not warrant a recovery upon the ground that, when the bridge was rebuilt, the ditch was already sunk below the bottom of the mudsill, for it alleges no such condition.

It is conceded in the brief for plaintiff that the township cannot be held liable for the tort of the drain commissioner, and defendant's liability is asserted to rest on two grounds, viz.: (1) Negligent construction; (2) negligent supervision. We have seen that the declaration does not show negligence in the construction, and, under the proofs, there was no actionable negligence, unless in failing to inspect the bridge. It was erroneous to instruct the jury that:

"It is claimed on behalf of the defendant that its officers had received no notice of the dangerous condition of the bridge, but you are instructed that a defect may exist and be unknown to the public authorities, and the town still be liable, on the ground that the prime fault consists in being ignorant; it being a clear principle that a want of knowledge may, in given circumstances, imply a want of due care. The general duty of a township is to exercise, through its officers, a reasonable supervision over its highways and bridges, and, within fairly practicable limits, to be watchful of their condition and trustworthiness, and see that they are kept in a reasonably safe condition for public travel. And if you find from this evidence that the soil under the bridge was of a character easily affected by the action of water thereon, and that the township sunk this drain below the mudsills of this bridge without taking any precaution to hold said mudsills in place, and that in consequence thereof the bridge became unsafe or dangerous for travel, and if you find that these facts were known

to the officers of the township, or could have been known by them by the exercise of· ordinary diligence, and that such officers neglected from the time the bridge was repaired or rebuilt, in 1892, until the time of the accident, to examine said bridge, and on account of such failure to examine such bridge said officers were without knowledge of its dangerous condition, and if such failure to examine the bridge was a failure on the part of the officers to exercise ordinary care and diligence, and they might have discovered the dangerous condition of the bridge by the exercise of ordinary diligence, it will be your duty to find for the plaintiff."

*Thomas* v. *City of Flint, ante,* 10 (81 N. W. 937); *Wakeham* v. *Township of St. Clair,* 91 Mich. 15 (51 N. W. 696).

The judgment is reversed, and a new trial ordered.

LONG and GRANT, JJ., concurred with HOOKER, J.

MONTGOMERY, C. J., and MOORE, J. Because ruled by *Thomas* v. *City of Flint, supra,* we concur in the result.